IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EARL W. BROWN,
        Plaintiff        : NO. 1:05-CV-0723-MHS

v.

JOHN E. POTTER, ET AL.,      : ORDER FOR SERVICE OF
                                       : REPORT AND RECOMMENDATION

        Defendant.

CV405-159

Attached is the Report and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rules 73 and LCrR 58.1. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within ten (10) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review.

United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

IT IS SO ORDERED, this 27th day of June, 2005.

S/ JOEL M. FELDMAN
JOEL M. FELDMAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EARL W. BROWN

        Plaintiff,

v.

CIVIL ACTION NO.

1:05-CV-00723-MHS

JOHN E. POTTER, Postmaster General,
U.S. Postal Service

CV 405 - 159

        Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 16, 2005 the plaintiff, Earl W. Brown, an African-American, filed this Civil Rights employment discrimination case against John E. Potter, the Postmaster General, and the United States Postal Service, pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.) (Title VII). Specifically, he complains that employees of the defendant subjected him to "race, color, sex discrimination and to retaliation in Savannah, Georgia during his service as a postal employee [Doc 1]. Specifically, the Plaintiff contends that, after he fathered a child with a white female employee with whom he had a long-term relationship:

(1) In June, 2003, he was denied a transfer to a motor vehicle operator's position because of his race, color, gender and inter-relationship and allegedly because he had not taken a driving test (which was not, in fact, required)[1];

(2) During this period the Defendant, nevertheless, granted three female employees their requested transfers;

(3) In January, 2004, when he discussed a possible transfer with another supervisor, the supervisor told him to be glad he had a job because he had been labeled as a "trouble-maker" for filing the EEOC complaint;

(4) During the course of his employment as a city carrier in February, 2004, several of defendant's local management officials frequently targeted the Plaintiff with abusive language and hostile treatment;

(5) Plaintiff's supervisor only permitted him to work four hours per day although other "casual" city carriers were allowed to work more hours per day;

(6) Although the Plaintiff complained about this retaliatory treatment to the postmaster, Rick Palmer, the EEOC's local office, and postal inspectors in Savannah and Atlanta, Defendant failed to take any action to correct the discrimination;

(7) In May 2004, another employee, "Mr. Lee" falsely accused the Plaintiff of failing to contact the Post Office to advise that he was running late on his route;

---

[1] Subsequently, in October, 2003, the Plaintiff filed an EEOC complaint and was reassigned to a "City Carrier" position at the Savannah, Georgia Processing & Distribution Center. Indeed, in 2002 the Plaintiff had been denied such a transfer to such a position.

4

(8) When the Plaintiff corrected "Mr Lee" and advised that he had telephoned another employee (Brown) as required, Lee called him a "mother fucker" and other, unnamed inflammatory names;

(9) When the Plaintiff reported the incident to Postmaster Palmer, he failed to take any corrective action;

(10) In June 2004, the Plaintiff and Lee had another confrontation because Lee failed to advise the Plaintiff that his delivery truck was in the repair facility, which resulted in the Defendant suspending the Plaintiff for two weeks.[2]

On May 16, 2005, pursuant to 28 U.S.C. §1404(a), for the convenience of the parties and in the interests of justice, the Defendant filed a Motion to Transfer the case to the Southern District of Georgia or dismiss it pursuant to Fed.R.Civ.P. 12(b)(5) and (2) for lack of personal jurisdiction. Specifically, the Defendant contends that (1) all of the alleged illegal acts occurred in Savannah, Georgia; (2) the Plaintiff and all of the alleged malefactors and witnesses work and reside in the Southern District of Georgia; and (3) Plaintiff failed to properly serve the defendants in accordance with Fed.R.Civ.P. 4.

In considering the Motion to Transfer venue, this Court is obliged to consider (1) whether the case could have been brought in the proposed district,[3] (2) the convenience of the parties, (3) the convenience of the witnesses, and (4) the interests of justice. Moore v. McKibbon Bros., 41 F.Supp.2d 1350, 1356 (N.D. Ga, 1998, O'Kelley, S.J.). See Defendant's brief in support of its Motion [Doc 2].

---

[2] Since Defendant transferred Plaintiff to the East Side Savannah Post Office, the Plaintiff has had no further problems.

[3] Ferens v. John Deere Co., 494 U.S. 516, 523, 110 S.Ct. 1274, 108 LEd2d 443 (1990); Rogers v. Horseshoe Entertainment, 337 F3d 429, 433 (5th Cir., 2003) cert. Den. 540 U.S. 1049, 124 S.Ct. 826, 157 L.Ed2d 698 (2003).

In reply to the Motion to Transfer, the Plaintiff agrees that the civil action could have been brought in the Southern District of Georgia or the Northern District of Georgia, and that the Plaintiff has now properly re-served the defendant [Doc 3, Exhibit 1]. The Plaintiff further contends that, in determining whether the Northern District of Georgia is a forum *non conveniens*, this Court must also consider (1) the relative ease of access to sources of proof; (2) the availability and costs of compulsory process for unwilling witnesses; (3) the possibility of viewing the premises, if appropriate; (4) the expense or trouble to the Defendant; (5) whether the new district will encounter administrative difficulties; (6) the existence of local interests; and (7) the deference the court should give to the Plaintiff's choice of the forum. Hewitt v. Ratheon Aircraft Co., ___ Ga.App. ___, ___ SE2d ___ (AO5A0029, May 11, 2005), W.L. 1111417.

The Plaintiff has, however, failed to show any information that he, any defendant, defendant's witnesses, and his own witnesses reside outside the Southern District of Georgia and that the acts about which he complains occurred anywhere outside of the Southern District of Georgia. Indeed it appears that the only nexus the Plaintiff has to the Northern District of Georgia is the location of his attorney.

Based on the foregoing, this Court is compelled to conclude that the interests of justice and for the convenience of the parties and their witnesses, the Defendant's Motion to Transfer this case to the Southern District of Georgia should be GRANTED.

IT IS SO RECOMMENDED, this 27th day of JUNE, 2005.

S/ JOEL M. FELDMAN
JOEL M. FELDMAN
UNITED STATES MAGISTRATE JUDGE

# Other Orders/Judgments
1:05-cv-00723-MHS-JMF Brown v. Potter

## U.S. District Court

### Northern District of Georgia

Notice of Electronic Filing

The following transaction was received from er entered on 6/28/2005 at 1:30 PM EDT and filed on 6/27/2005
**Case Name:**      Brown v. Potter
**Case Number:**    1:05-cv-723
**Filer:**
**Document Number:** 4

405-159

**Docket Text:**
REPORT AND RECOMMENDATION recommended that [2] defendant's MOTION to Transfer Case to USDC SD GA be GRANTED, Signed by Judge Joel M. Feldman on 0/27/2005. (er)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060868753 [Date=6/28/2005] [FileNumber=761557-0]
[05d35eb29a0cd7fa0a5cd3f199b112170dd5a886747a435df1050747616fcd123995
1b8e02be95cecc1bb631c42ba9fdf801be836a1d3622fb708a92fe71908d]]

**1:05-cv-723 Notice will be electronically mailed to:**

Stephen H. McClain     stephen.mcclain@usdoj.gov,

Sharon Douglas Stokes     sharon.stokes@usdoj.gov, pam.oliver@usdoj.gov

Christopher D. Vaughn     cvaughn@melvillejohnson.com

**1:05-cv-723 Notice will be delivered by other means to:**